UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ASHOK K. LALWANI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-01905-JPH-CSW |
| | ) | |
| THE TRUSTEES OF INDIANA | ) | |
| UNIVERSITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**FIRST AMENDED CASE MANAGEMENT PLAN**

I.    **Parties and Representatives**

    A.    Plaintiff, Ashok K. Lalwani

        Clinton E. Blanck, 19270-32
        BLANCK LEGAL, P.C.
        9245 North Meridian Street, Suite 301
        Indianapolis, Indiana 46260
        Office: (317) 844-8372
        Facsimile: (317) 573-5564
        E-mail: cblanck@blancklegal.com
        Counsel for Plaintiff

    B.    Defendants, The Trustees of Indiana University, Dr. Lopo Rego, and Dr. Angie Raymond

        Hamish S. Cohen, 22931-53
        Brian Weir-Harden, 27651-49
        MATTINGLY BURKE COHEN & BIEDERMAN LLP
        155 East Market Street, Suite 400
        Indianapolis, Indiana 46204
        Office (Hamish): (317) 614-7325
        Office (Brian): (317) 614-7320
        E-mail: hamish.cohen@mbcblaw.com
        Brian.weir-harden@mbcblaw.com

Attorneys for Defendants

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

## II.   <u>Jurisdiction and Statement of Claims</u>

A.   The parties state this court has original subject matter jurisdiction of Plaintiff's claims pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(4) and 28 U.S.C. § 1367(a).

B.   <u>Plaintiff's Claims.</u>

Plaintiff claims the Defendants discriminated and retaliated against him on the basis of his color, sex and/or national origin, breached the employer's contractual relations to him, defamed him, deprived him of due process, inflicted emotional distress, interfered with his employment contract, subjected him to a hostile work environment and disparate treatment based on sex, failed to provide equal protection under the law, breached the covenant of good faith and fair dealing, and discriminated on the basis of an expunged record.

C.   Plaintiff's claims are without merit. Defendants did not, at any time, treat Plaintiff differently because of his color, sex, and/or national origin. Further, Defendants violated no cognizable due process rights. Finally, Plaintiff's state law claims are frivolous. Indiana, for instance, does not recognize a covenant of good faith and fair dealing flowing from the employer to the employee or between employees, and the University cannot, as a matter of law, tortiously interfere with its own contracts. Similarly, his defamation claims fail because no false statements were made by any Defendant, and his expunged record claims fail because there are no "conviction records" at issue. Defendants intend on moving for summary judgment on these issues upon the completion of reasonable discovery.

## III.   <u>Pretrial Pleadings and Disclosures</u>

A.   The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before _____ February 28, 2025.

B.   Plaintiff(s) shall file preliminary witness and exhibit lists on or before March 7, 2025.

C.      Defendant(s) shall file preliminary witness and exhibit lists on or before _____March 14, 2025.

D.      All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before April 28, 2025.

E.      Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before _____ March 28, 2025. Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the proposal.

F.      Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **December 29, 2025.** Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **January 28, 2026**; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before **January 28, 2026.**

G.      Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H.      Any party who wishes to limit or preclude expert testimony at trial shall file any such objections no later than 120 days prior to trial. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I.      All parties shall file and serve their final witness and exhibit lists on or before **March 2, 2026.** This list should reflect the specific potential

3

witnesses the party may call at trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.  The list of final witnesses shall include a brief synopsis of the expected testimony.

J.  Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.  Discovery of electronically stored information ("ESI").  The parties agree that discovery of ESI is likely to be minimal in this case. The parties have discussed preservation and disclosure of ESI and have agreed to work together to ensure that any ESI is produced in PDF format with an appropriate load file. The parties do not believe that the production of metadata or production in native electronic format is necessary in this case. A receiving party may, however, request the production of metadata or production in native electronic format if: (1) the authenticity of a document is at issue; (2) the creation or modification date of a document is at issue; or (3) another justifiable reason exists. In the event that discovery of a substantial volume of ESI becomes necessary, the parties will complete the ESI Supplement to the Report of the Parties' Planning Meeting available on the Court's website at www.insd.uscourts.gov/case-management-plans.

The parties agree that the unintentional or inadvertent production of any discovery materials that would be protected from disclosure pursuant to the attorney-client privilege, the work product doctrine, or any other relevant privilege or doctrine, shall not constitute a waiver of the applicable privilege or doctrine. If any such discovery materials are unintentionally or inadvertently produced, the recipient of the discovery materials agrees that, upon request from the producing party, it will promptly return the discovery materials and all copies of the discovery materials that it maintains, and make no use of the information contained in the discovery materials; provided, however, that the party returning such discovery materials shall have the right to apply to the Court for an order that such discovery materials are not protected from disclosure by any privilege. The person returning such material may not, however, assert as a ground for such motion the fact or circumstance of the unintentional or inadvertent production or the withdrawal of such production. The producing party shall promptly identify the returned document on a privilege log.

IV.   **Discovery[1] and Dispositive Motions**

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue.  To this end, counsel must select the track set forth below that they believe best suits this case.  If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate.  If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A.   Does any party believe that this case may be appropriate for summary judgment or other dispositive motion?  If yes, the party(ies) that expect to file such a motion must provide a brief statement of the factual and/or legal basis for such a motion. [Note: A statement such as, "Defendant will seek summary judgment because no material facts are in dispute," is insufficient.  Such a statement does not indicate to the Court that the parties used the CMP as an opportunity to seriously explore whether this case is appropriate for summary judgment or other dispositive motion.  However, the failure to set forth a basis for a dispositive motion in the CMP will not bar a party from raising this argument at the motions stage.]

B.   On or before **November 4, 2025**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C.   Select the track that best suits this case:

---

[1]   The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline.  Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same.  In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

_____ Track 1: No dispositive motions are anticipated.  All discovery shall be completed by _____ [no later than 16 months from Anchor Date].  [Note: Given that no dispositive motions are anticipated, the parties should consider accelerating discovery and other pretrial deadlines to the extent practicable and suggest a substantially earlier trial date (Section VI). The Court encourages a track faster than the standard track in all cases in which dispositive motions are not anticipated].

___X___ Track 2: Dispositive motions are expected and shall be filed by **December 29, 2025**; non-expert witness discovery and discovery relating to liability issues shall be completed by **October 28, 2025**; expert witness discovery and discovery relating to damages shall be completed by **March 2, 2026**.

_____ Track 3: Dispositive motions shall be filed by _____ [not later than 13 months from the Anchor Date]; non-expert discovery shall be completed by _____; expert witness discovery shall be completed by _____.  [Note: The Court provides Track 3 as an open option because it recognizes that there may be unusual cases for which special circumstances necessitate additional flexibility.  However, the Court has found that Tracks 1 and 2 are appropriate in the large majority of cases, and therefore the parties must briefly state below the special circumstances justifying a departure from Tracks 1 and 2.]

<u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

## V.    <u>Pre-Trial/Settlement Conferences</u>

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time.  The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery.   The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement.  The parties recommend a settlement conference in July 2025.

## VI.   <u>Trial Date</u>

The parties request a trial date in **June 2026**.  The trial is by jury and is anticipated to take three (3) days.  Counsel should indicate here the reasons that a shorter or longer track is appropriate.  While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

## VII.   <u>Referral to Magistrate Judge</u>

A.   **Case**.  At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.  [This section should be marked in the affirmative only if all parties consent.  Do not indicate if some parties consent and some do not.  Indicating the parties' consent in this paragraph may result in this matter being referred to the currently assigned Magistrate Judge for all further proceedings, including trial.  It is not necessary to file a separate consent.  Should this case be reassigned to another Magistrate Judge, any attorney or party of record may object within 30 days of such reassignment.  If no objection is filed, the consent will remain in effect.]

B.   **Motions**.  The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand.  If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

## VIII.   <u>Required Pre-Trial Preparation</u>

A.   **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.   File a list of trial witnesses, by name, who are actually expected to be called to testify at trial.  This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2.   Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial.  Provide

the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

   a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

   b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a

8

description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2.    If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits.  However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3.    File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4.    Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX.    Other Matters

None.

Respectfully submitted,

/s/Clinton E. Blanck
Clinton E. Blanck, 19270-32
BLANCK LEGAL, P.C.
9245 North Meridian Street, Suite 301
Indianapolis, Indiana  46260
Office:  (317) 844-8372
Facsimile:  (317) 573-5564
E-mail:  cblanck@blancklegal.com
Counsel for Plaintiff

/s/Hamish S. Cohen
Hamish S. Cohen, 22931-53
Brian Weir-Harden, 27651-49
MATTINGLY BURKE COHEN
& BIEDERMAN LLP
155 East Market Street, Suite 400
Indianapolis, Indiana  46204
Office:  (317) 614-7325
E-mail:  hamish.cohen@mbcblaw.com
E-mail:  brian.weir-harden@mbcblaw.com
Attorneys for Defendants

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| X | PARTIES APPEARED BY COUNSEL ON **JUNE 5, 2025**, FOR A STATUS CONFERENCE. |
| | APPROVED AS SUBMITTED. |
| X | APPROVED AS AMENDED. |
| X | A **TELEPHONIC STATUS CONFERENCE** IS SET IN THIS CASE FOR **SEPTEMBER 8, 2025, AT 10:30 A.M.** EASTERN TIME BEFORE MAGISTRATE JUDGE CRYSTAL S. WILDEMAN.  THE INFORMATION NEEDED TO PARTICIPATE IN THIS TELEPHONE CONFERENCE WILL BE PROVIDED BY A SEPARATE NOTIFICATION. |
| | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT _____.M.  COUNSEL SHALL APPEAR: <br><br> _____ IN PERSON IN ROOM _____; OR <br><br> _____ BY TELEPHONE, CALL-IN INFORMATION TO BE PROVIDED BY SEPRATE ORDER; OR <br><br> _____ BY VIDEO, LINK TO BE PROVIDED BY SEPRATE ORDER |
| X | NON-EXPERT AND LIABILITY DISCOVERY SHALL BE COMPLETED BY **OCTOBER 28, 2025.** |
| X | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN **DECEMBER 29, 2025**. |

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**

Date: June 5, 2025

Crystal S. Wildeman
United States Magistrate Judge
Southern District of Indiana

**Distributed electronically to all ECF registered counsel of record.**

3